Clerk's Office
Filed Date:  10/15/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                    Case No. 18-CR-137 (S-1)

MOHAMAD YASSINE and
HASSAN RAHMAN

I, Tara McGrath, being duly sworn, depose and state as follows:

1.      I am a citizen of the United States and a resident of the State of New York.

2.      I graduated from Duke University School of Law in May 2014.   Since September 2020, I have been employed by the United States Department of Justice as an Assistant United States Attorney for the Eastern District of New York.

3.      As an Assistant United States Attorney, my duties are to prosecute persons charged with violations of the criminal laws of the United States, including violations of United States laws that prohibit money laundering.   During my practice as a federal prosecutor, I have become knowledgeable about the criminal laws and procedures of the United States.

4.      In the course of my duties as an Assistant United States Attorney, I have become familiar with the charges and evidence in the criminal case against Mohamad Yassine ("YASSINE") and Hassan Rahman ("RAHMAN"), entitled *United States v. Mohamad Yassine and Hassan Rahman*, case number 18-CR-137 (S-1), filed in the United States District Court for the Eastern District of New York.

5.      Based on the investigation into YASSINE and RAHMAN that United States law enforcement authorities conducted, which included interviews of witnesses and the review of audio and video recordings, phone records, and bank records, I have prepared this affidavit in support of the United States' request for the extradition of YASSINE and RAHMAN.

## PROCEDURAL HISTORY OF THE CASE

6.      Under the federal laws of the United States, a criminal prosecution may be commenced by a grand jury, based on its decision to approve and file criminal charges with the United States District Court.   A grand jury is composed of at least 16 people whom the United States District Court selects at random from the residents of the Eastern District of New York.   The purpose of the grand jury is to view the evidence of crimes presented to it by United States law enforcement authorities.   After independently reviewing this evidence, each member of the grand jury must determine if there is sufficient evidence to believe that a crime has been committed and that the accused person committed it.   After at least 12 jurors affirmatively vote that the accused person committed the crime, the grand jury may return an indictment.   An indictment is a document that formally charges a person with a crime, describes the specific laws that the person is accused of violating, and describes the acts of the person that are alleged to be violations of the law.   The indictment is presented to the grand jury by a person who is duly authorized to represent the United States in criminal investigations and prosecutions, i.e. an Assistant United States Attorney.

7.      If additional evidence is presented to a grand jury as to a defendant against whom an indictment has already been returned, the grand jury may return a superseding indictment using the same procedure that is used with an original indictment.   The grand jury may also return a superseding indictment that charges additional defendants with the same crimes alleged in the original indictment.   In both instances, the superseding indictment may take the place of the previous indictment.

8.      The grand jury initiates a criminal prosecution when it causes the indictment or superseding indictment to be filed with the United States District Court.   Thereafter, the clerk of the court, at the direction of a United States District Judge or Magistrate Judge, normally issues a warrant for the defendant's arrest in accordance with United States law. An arrest warrant may issue from a superseding indictment by using the same procedure that is used to issue an arrest warrant on an original indictment.   Under United States law, the arrest warrant is a document authorizing a law enforcement officer to take physical custody of a defendant and bring him to court to answer the charges contained in the indictment or superseding indictment.

## THE CHARGES AND RELEVANT UNITED STATES LAW

9.      On January 29, 2020, a federal grand jury sitting in the Eastern District of New York returned a superseding indictment (criminal case number 18-137 (S-1)), charging YASSINE and RAHMAN with:

Count 1:            Conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), punishable by a maximum term of imprisonment of 20 years and a fine of not

3

more than $500,000 or twice the value of the property involved, whichever is greater; and

Count 2:    Money laundering, in violation of Title 18, United States Code, Sections 1956(a)(3)(A),1956(a)(3)(B) and 2, punishable by a maximum term of imprisonment of 20 years and a fine of not more than $500,000 or twice the value of the property involved, whichever is greater.

YASSINE and RAHMAN have not previously been prosecuted or sentenced for any of the charged offenses for which the United States is seeking extradition.

10.    On January 29, 2020, based on the filing of the superseding indictment, the United States District Court for the Eastern District of New York issued warrants for YASSINE and RAHMAN's arrests for the offenses charged in the superseding indictment. The arrest warrants are valid and executable to apprehend YASSINE and RAHMAN to stand trial for the crimes with which they are charged in the superseding indictment.

11.    I have obtained a true and accurate copy of the superseding indictment and have attached it to this affidavit as **Exhibit B**.  I have also obtained true and accurate copies of the arrest warrants for YASSINE and RAHMAN and have attached them to this affidavit as **Exhibit C** and **Exhibit D**, respectively.

12.    The relevant portions of the statutes under which YASSINE and RAHMAN are charged are attached to this affidavit as **Exhibit E**.  Each of these statutes was duly enacted and in force at the time that the offenses were committed and at the time the superseding indictment was returned, and they remain in full force and effect.   A violation of any of these statutes constitutes a felony under the laws of the United States.

4

**COUNT 1**
**CONSPIRACY TO COMMIT MONEY LAUNDERING**
**18 U.S.C. § 1956(h)**

13.     Regarding the offense of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), as charged against YASSINE and RAHMAN, the United States must establish that:

> a.     Two or more persons in some way agreed to try to accomplish a common and unlawful plan to violate Title 18, United States Code, Section 1956; and
>
> b.     YASSINE and RAHMAN knew the unlawful purpose of the plan and voluntarily joined in it.

14.     Under United States law, a conspiracy is an agreement to violate other criminal statutes, in this instance, the laws against money laundering.    In other words, the act of combining and agreeing with one or more persons to violate United States law is a crime in and of itself.    Such an agreement need not be formal and may be simply a verbal or non-verbal understanding.    A conspiracy is deemed to be a partnership for criminal purposes in which each member or participant becomes the agent or partner of every other member.    A person may become a member of the conspiracy without full knowledge of all the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.    Accordingly, if a defendant has an understanding of the unlawful nature of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict him for conspiracy, even if he had not participated before and even if he played only a minor part.

15.     When people enter into a conspiracy to accomplish an unlawful end, each and every member or participant becomes an agent for the other conspirators in carrying out the conspiracy.   Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.   Moreover, because of this partnership, any acts done or statements made in furtherance of the conspiracy by a conspirator while he is a member of the conspiracy are admissible in evidence not only against that conspirator, but also against all other members of the conspiracy.   Therefore, statements of conspirators made in furtherance of the conspiracy may be deemed to be the statements of all conspirators.

16.     The crime of conspiracy is an independent offense, separate and distinct from the crime that is the objective of the conspiracy, the latter of which the law refers to as a substantive crime.   Consequently, a conspirator can be found guilty of the crime of conspiracy to commit an offense even where the substantive crime that was the purpose of the conspiracy is not committed or completed.   It is the agreement itself—the agreement with others to commit a crime—along with the other elements of conspiracy, that the law forbids and defines as a crime.

**COUNT 2**
**MONEY LAUNDERING**
**18 U.S.C. §§ 1956(a)(3)(A), 1956(a)(3)(B)**

17.    To obtain a conviction for money laundering, in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 1956(a)(3)(B), the United States must establish that:

a.    YASSINE and RAHMAN knowingly conducted or tried to conduct, a financial transaction;

b.    YASSINE and RAHMAN did so with the intent to (A) promote the carrying on of specified unlawful activity, and (B) conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity; and

c.    the money or property involved in the transaction was represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity.

Under United States law, the term "specified unlawful activity" includes narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963.   The term "proceeds" means any property derived from, or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

18.    The superseding indictment also charges YASSINE and RAHMAN with being principals and aiding and abetting the commission of Count Two as provided by Title 18, United States Code, Section 2.   Section 2 states that whoever commands, procures, assists in, or causes the commission of a crime shall be held accountable and punished in

the same manner as the principal, or the person who actually carried out the task.   This means that the guilt of YASSINE and RAHMAN also may be proven even if they did not personally perform every act involved in the commission of the crime charged.   The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished through the direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.   So, if the acts or conduct of an agent, employee, or other associate of YASSINE and RAHMAN were willfully directed or authorized by YASSINE and RAHMAN, or if YASSINE and RAHMAN aided and abetted another person by willfully joining together with that person in the commission of a crime, then the law holds YASSINE and RAHMAN responsible for the conduct of that other person as though YASSINE and RAHMAN had each engaged in such conduct himself.

### FORFEITURE ALLEGATIONS

19.   The superseding indictment also includes a forfeiture allegation pursuant to Title 18, United States Code, Section 982(a)(1).   Forfeiture is a consequence of a conviction on both or either of the charges alleged in the superseding indictment and is not a charge in itself.   The forfeiture allegation is included in the superseding indictment mainly to give the defendants notice of the forfeiture provisions.   The relevant portions of Title 18, United States Code, Section 982(a)(1) are included in **Exhibit E**.

## STATUTE OF LIMITATIONS

20.     I have also included, as part of **Exhibit E**, the true and accurate text of Title 18, United States Code, Section 3282, which sets forth the statute of limitations for the crimes charged in the superseding indictment.   The statute of limitations requires that a defendant be formally charged within five years of the date on which the offense or offenses were committed.

21.     Under the laws of the United States, the statute of limitations for a continuing offense, such as conspiracy, begins to run upon the conclusion of the conspiracy or the date of the last overt act in furtherance of the conspiracy, not upon the commencement of the conspiracy.

22.     Once an indictment or superseding indictment has been filed in a federal district court, the statute of limitations is tolled and no longer runs.   The statute of limitations does not resume as long as an indictment or superseding indictment remains pending.

23.     I have thoroughly reviewed the applicable statute of limitations in this case. Because the superseding indictment charging YASSINE and RAHMAN was filed in the Eastern District of New York on January 29, 2020, and because the superseding indictment alleges conduct occurring in or about and between June 2017 and March 2018, the charges were filed within the time prescribed by law.

## SUMMARY OF THE EVIDENCE AND FACTS OF THE CASE

24.    As set forth in more detail in the affidavit of Drug Enforcement Administration ("DEA") Special Agent Marc F. Sulkin, attached as **Exhibit A**, this prosecution resulted from an investigation that determined that, from approximately June 2017 and March 2018, YASSINE, RAHMAN and others conspired to launder the proceeds of narcotics trafficking.

25.    The evidence gathered in the course of the investigation, including witness statements, bank records, phone records, and audio and video recordings, revealed that from approximately June 2017 through March 2018, YASSINE was the leader of a Lebanon-based money laundering organization ("MLO"), of which RAHMAN was also a member.   The MLO collected, laundered, and repatriated illicit funds—including funds represented to be the proceeds of drug trafficking—throughout Europe, the Middle East, South America, Australia, and the United States.   Through the organization, with assistance from associates, YASSINE and RAHMAN collected a percentage-based commission of the amount of funds laundered.   YASSINE and RAHMAN agreed with others to conduct financial transactions of funds they knew and believed to be the proceeds of drug trafficking, with the intent to promote drug trafficking and to conceal and disguise the criminal source, ownership and control of the funds.   Some of the funds YASSINE and RAHMAN laundered originated in Australia and were transferred into a bank account in the United States, and more specifically, the Eastern District of New York.

26.     For example, on February 16, 2018, YASSINE met with two associates to discuss a contract to launder approximately $9 million U.S. dollars ("USD") of drug trafficking proceeds.   YASSINE informed the associates that he could transfer funds through France and Turkey to anywhere they wanted.   On February 20, 2018, one of the associates informed YASSINE that they were ready to move $100,000 Australia dollars ("AUD").   On February 28, 2018, YASSINE directed the associate to provide the funds to RAHMAN in Australia.   Thereafter, the funds (minus YASSINE and RAHMAN's 17% commission) were wired to a U.S.-based bank account.

27.     Similarly, on March 10, 2018 and March 11, 2018, associates met with YASSINE and RAHMAN to discuss a contract to launder approximately $14 million USD of drug trafficking proceeds through Turkey, and indicated that they wanted to launder approximately $1 million USD per month.   YASSINE and RAHMAN accepted the contract.   The associates also told YASSINE and RAHMAN that they wanted to do another wire transfer from Australia to New York.   YASSINE and RAHMAN agreed, and, on March 22, 2018, approximately $90,000 AUD was transferred to a member of the MLO in Australia.   On March 29, 2018, the funds (minus YASSINE and RAHMAN's 15% commission) were transferred into a U.S.-based bank account.

28.     At trial, the United States will introduce testimony and records from law enforcement officials and cooperating witnesses, among others.   Additionally, the United States will present video and audio recordings, including of recordings of meetings involving YASSINE and RAHMAN in which they discussed the above-described money

laundering activities, as well as documentary evidence including telephone and bank records.

## IDENTIFICATION

29.     Mohamad YASSINE is a citizen of Lebanon, born on March 15, 1971. YASSINE is described as a male, approximately 170 centimeters tall, with a medium build, greying hair, and brown eyes.   YASSINE holds a Lebanese passport (number LR2255551), which expires on September 13, 2031.   The affidavit of Special Agent Sulkin (**Exhibit A**) provides additional information as to the identification of YASSINE, including a photograph of YASSINE (attached as **Exhibit A-1**).

30.     Rahman HASSAN is a citizen of Lebanon, born on April 1, 1984. HASSAN is described as a male, approximately 170 centimeters tall, with a heavy-set build, a bald head, and brown eyes.   HASSAN holds a Lebanese passport (number LR0394481), which is valid until May 24, 2022.   The affidavit of Special Agent Sulkin (**Exhibit A**) provides additional information as to the identification of HASSAN, including a photograph of HASSAN (attached as **Exhibit A-2**).

## LOCATION

31.     YASSINE and RAHMAN were arrested on September 25, 2021, in Tbilisi, Georgia, and continue to be detained by Georgian authorities pending extradition proceedings.

## SURRENDER OF PROPERTY

32.     In accordance with applicable legal authorities, the United States hereby request the seizure and eventual surrender of all articles, instruments, objects of value, documents, and other evidence relating to the charges for which extradition will be sought, found in the possession of YASSINE and RAHMAN at the time of their arrest in Georgia, if YASSINE and RAHMAN are found extraditable to the United States.   Specifically, the United States requests the seizure and surrender of the cellular telephones and any other electronic devices including computers and USB sticks that were found in YASSINE and RAHMAN's possession at the time of their arrest.

## CONCLUSION

33.     This affidavit and the affidavit of Special Agent Sulkin were sworn before a Magistrate Judge of the United States District Court for the Eastern District of New York, who is a person duly empowered to administer an oath for this purpose.   Should Georgia require further information in order to rule in favor of extradition, the United

States respectfully requests the opportunity before a decision is rendered to provide additional information, in accordance with Article III of the Treaty.

TARA MCGRATH
Assistant United States Attorney
Eastern District of New York

Sworn and subscribed to before me
this ___14th___ day of October 2021.

HON. SANKET J. BULSARA
United States Magistrate Judge
Eastern District of New York

14

## <u>LIST OF EXHIBITS</u>

**Exhibit A.**     Affidavit of DEA Special Agent Marc F. Sulkin

   **Exhibit A-1.**   Photograph of Mohamad Yassine

   **Exhibit A-2.**   Photograph of Hassan Rahman

**Exhibit B.**     Copy of Superseding Indictment

**Exhibit C.**     Copy of Arrest Warrant of Mohamad Yassine

**Exhibit D.**     Copy of Arrest Warrant of Hassan Rahman

**Exhibit E.**     Relevant Statutes

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                              Case No. 18-CR-137 (S-1)

MOHAMAD YASSINE and
HASSAN RAHMAN

**AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION
OF MOHAMAD YASSINE AND HASSAN RAHMAN**

I, Marc F. Sulkin, being duly sworn, depose and state as follows:

1.      I am a citizen of the United States and a resident of New Jersey.

2.      I am a Special Agent with the United States Drug Enforcement

Administration ("DEA") in New Jersey.   I have been a Special Agent with the DEA

for more than 16 years.   The DEA is one of the agencies within the United States

government that is responsible for the enforcement of federal criminal statutes,

including those related to money laundering and narcotics trafficking.   Among my

duties as a DEA Special Agent, I am responsible for the investigation of violations of

United States laws, including criminal offenses involving money laundering.

3.      My duties as a DEA Special Agent have included participating in the

investigation and prosecution of Mohamad Yassine ("YASSINE") and Hassan

Rahman ("RAHMAN") in the criminal case against them, entitled *United States v.*

1

*Mohamad Yassine and Hassan Rahman*, case number 18-CR-137 (S-1), filed in the United States District Court for the Eastern District of New York.   In the course of my official duties, I became familiar with the facts of the case and the evidence supporting those facts, including through my review of agency records and conversations with fellow law enforcement personnel.   The dates listed in this affidavit should be read as approximate dates.   This affidavit is intended to show that there is sufficient evidence for extradition and does not purport to set forth all of the information about which I or the other law enforcement agents involved in this investigation have knowledge regarding the investigation and associated criminal case.

## SUMMARY OF THE FACTS

4.       The DEA investigation revealed that from in or about and between June 2017 and March 2018, YASSINE led a sophisticated Lebanon-based money laundering organization ("MLO"), of which RAHMAN was also a member.    The MLO collected, laundered, and repatriated illicit funds throughout Europe, the Middle East, South America, Australia, and the United States, in exchange for a percentage-based commission of the amount laundered.    The investigation revealed that YASSINE and RAHMAN personally agreed with others to conduct financial transactions of funds they believed to be the proceeds of drug trafficking, with the intent to promote drug trafficking and to conceal and disguise the criminal source, ownership and control of the funds.

2

Some of the funds YASSINE and RAHMAN laundered originated in Australia and were transferred into a bank account in the Eastern District of New York.   The investigation produced evidence of the facts described in this affidavit.   This evidence includes video and audio recordings of meetings involving YASSINE and RAHMAN; telephone records; bank records; travel records; and witness interviews.

5.      In or about June 2017, a confidential source ("CS-1") contacted a member of the MLO ("Worker") in Colombia.   CS-1 represented that s/he worked for Colombian drug traffickers.   Worker claimed to have contacts with foreign government officials and that he could assist with laundering drug proceeds.

6.      In or about July 2017, during a series of meetings, CS-1 and a second confidential source ("CS-2") contacted Worker and stated that they sought assistance laundering drug proceeds.   Worker stated that he could transfer proceeds to the New York area through bulk cash transfers or wire transfers.   Worker agreed to move a sum of funds from Australia to New York for a 13% commission.

7.      Between August and October 2017, Worker and a number of co-conspirators twice assisted in the laundering of funds from Australia to the United States.   On one occasion, the transaction involved a money pick-up in Brooklyn, New York.   The money pick-ups in the United States were video and audio recorded, and surveilled by United States law enforcement authorities.   In connection with these transfers, Worker stated that his superior in the operation was YASSINE.

3

8.     In October 2017, CS-1 and CS-2 met with Worker in Colombia.   That meeting was recorded.   They discussed, among other things, the past money transfers, potential future deals, and a meeting with other associates of Worker's.   In November 2017, Worker facilitated a third money transfer of $100,000 Australian dollars ("AUD") from Australia to the United States.

9.     In January 2018, CS-1 and CS-2 expressed concern to Worker about the pace and logistical issues surrounding the past money transfers.   Worker provided them with YASSINE's contact information to discuss these concerns.   On or about January 29, 2018, CS-1 spoke with YASSINE on a recorded phone call.   They agreed to an in-person meeting the following month.

10.     In February 2018, CS-1 and CS-2 met with YASSINE in France, during a meeting that was surveilled by French law enforcement authorities.   CS-1 and CS-2 represented that they were involved in drug trafficking and sought assistance laundering drug proceeds as part of a $9 million U.S. dollar ("USD") contract. YASSINE explained that he could transfer money through France and Turkey to anywhere they wanted.   YASSINE wrote on a notepad the names of the banks he used to engage in the transfers.   He also identified RAHMAN as a member of the MLO and as someone working for him.

11.     On or about February 20, 2018, CS-1 informed YASSINE that they were ready to move $100,000 AUD from Australia to New York.   YASSINE

4

provided a phone number for a contact who was part of the MLO and a "token"—a serial number from a paper bill that the contact would possess, so that the contact could prove he was involved in the conspiracy.   Thereafter, law enforcement provided the funds to a co-conspirator in Australia on February 28, 2018.   CS-1 spoke to YASSINE in a recorded call and WhatsApp chat to confirm that the money drop occurred.   During the call, YASSINE stated that "Hassan," referring to RAHMAN, would be directing the money for him.   On March 1, 2018, CS-1 provided RAHMAN with an invoice for the money that was to be transferred to the United States.   The funds were ultimately transferred to a U.S.-based bank account, and YASSINE and RAHMAN received a 17% commission.

12.     In or about March 2018, CS-1 and CS-2 met with YASSINE and RAHMAN in Dubai to discuss a contract to launder approximately $14 million USD of what they represented to be drug trafficking proceeds through Turkey.   CS-1 and CS-2 stated that they wanted to launder approximately $1 million USD per month.   YASSINE and RAHMAN accepted the contract.   YASSINE provided a contact and a "token" to start the process.   As a result, on or about March 22, 2018, approximately $90,000 AUD was transferred to a member of the MLO in Australia, and on or about March 29, 2018 the funds were transferred into a U.S.-based bank account.   YASSINE and RAHMAN received a 15% commission on the transfer.

5

## IDENTIFICATION

13.     Mohamad YASSINE is a citizen of Lebanon, born on March 15, 1971. YASSINE is described as a male, approximately 170 centimeters tall, with a medium build, greying hair, and brown eyes.   YASSINE holds a Lebanese passport (number LR2255551), which expires on September 13, 2031.   A photograph of YASSINE, taken at the time of his arrest in Tbilisi, Georgia, on or about September 25, 2021, is attached to this affidavit as Exhibit E-1.   I can identify the individual depicted in this photograph as YASSINE based on my review of evidence in this investigation, including surveillance footage and photographs.

14.     Rahman HASSAN is a citizen of Lebanon, born on April 1, 1984. HASSAN is described as a male, approximately 170 centimeters tall, with a heavy-set build, a bald head, and brown eyes.   HASSAN holds a Lebanese passport (number LR0394481), which is valid until May 24, 2022.   A photograph of HASSAN, taken at the time of his arrest in Tbilisi, Georgia, on or about September 25, 2021, is attached to this affidavit as Exhibit E-2.   I can identify the individual depicted in this photograph as HASSAN based on my review of evidence in this investigation, including surveillance footage and photographs.

## **LOCATION**

15.     YASSINE and RAHMAN were arrested on September 25, 2021, in

Tbilisi, Georgia, and continue to be detained by Georgian authorities pending

extradition proceedings.

MARC F. SULKIN
Special Agent
Drug Enforcement Administration

Sworn and subscribed to before me
this _____14th_____ day of October, 2021.

HON. SANKET J. BULSARA
United States Magistrate Judge
Eastern District of New York

7

# Exhibit A-1



# Exhibit A-2



# Exhibit B

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 2 9 2020 ☆

BROOKLYN OFFICE

SD:FJN/JPL
F. #2017R01335

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MOHAMAD YASSINE and
HASSAN RAHMAN,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>18-137 (S-1) (JBW)</u>
(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1),
1956(a)(3)(A), 1956(a)(3)(B), 1956(h),
2 and 3551 <u>et seq.</u>; T. 21, U.S.C.,
§ 853(p))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Money Laundering Conspiracy)

        1.     In or about and between June 2017 and March 2018, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants MOHAMAD YASSINE and HASSAN RAHMAN, together with others, did

knowingly and intentionally conspire to conduct one or more financial transactions in and

affecting interstate and foreign commerce, and involving a financial institution the activities

of which had an effect on interstate and foreign commerce, to wit: the transfer and delivery

of United States currency, which transactions involved property represented by a law

enforcement officer and a person at the direction of, and with the approval of, a federal

official authorized to investigate violations of Title 18, United States Code, Section 1956, to

be the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of

Title 21, United States Code, Sections 841, 846, 952, 959, 960 and 963 (the "Specified



FILED

JAN 1 9 2021 ★

BROOKLYN OFFICE



Unlawful Activity"), and property used to conduct and facilitate the Specified Unlawful

Activity, with the intent (i) to promote the carrying on of such Specified Unlawful Activity,

contrary to Title 18, United States Code, Section 1956(a)(3)(A), and (ii) to conceal and

disguise the nature, the location, the source, the ownership, and the control of property

believed to be the proceeds of such Specified Unlawful Activity, contrary to Title 18, United

States Code, Section 1956(a)(3)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT TWO
(Money Laundering)

2.      In or about and between June 2017 and March 2018, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants MOHAMAD YASSINE and HASSAN RAHMAN, together with others, did

knowingly and intentionally conduct one or more financial transactions in and affecting

interstate and foreign commerce, and involving a financial institution the activities of which

had an effect on interstate and foreign commerce, to wit: the transfer and delivery of United

States currency, which transactions involved property represented by a law enforcement

officer and a person at the direction of, and with the approval of, a federal official authorized

to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of

the Specified Unlawful Activity and property used to conduct and facilitate the Specified

Unlawful Activity, with the intent (i) to promote the carrying on of such Specified Unlawful

Activity, and (ii) to conceal and disguise the nature, the location, the source, the ownership, and the control of property believed to be the proceeds of such Specified Unlawful Activity.

(Title 18, United States Code, Sections 1956(a)(3)(A), 1956(a)(3)(B), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

3.      The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

4.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

4

as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this

forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(l) and 982(b)(1); Title 21,

United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F. # 2017R01335
FORM DBD-34
JUN. 85

No. 18-CR-137 (S-1) (JBW)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*MOHAMAD YASSINE and HASSAN RAHMAN,*

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1), 1956(a)(3)(A), 1956(a)(3)(B),
1956(h), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____
_Foreperson_

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
_Clerk_

*Bail, $* _____

_____

*Francisco J. Navarro, Assistant United States Attorney (718) 254-6007*

# Exhibit C

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| MOHAMAD YASSINE | ) | Case No.   18-cr-137 (S-1) (JBW) |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Mohamad Yassine                                                                                          ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment      ☑ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint

☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

Money laundering conspiracy and money laundering, in violation of 18 U.S.C. Section 1956.

Date:      01/29/2020                                                           _____
                                                                                                        *Issuing officer's signature*

City and state:    Brooklyn, New York                              Hon. James Orenstein, U.S.M.J.
                                                                                                        *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                              _____ |
|                                                                              *Arresting officer's signature* |
|                                                                              _____ |
|                                                                              *Printed name and title* |



AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____          Weight: _____

Sex: _____          Race: _____

Hair: _____          Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

# Exhibit D

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  18-cr-137 (S-1) (JBW) |
| HASSAN RAHMAN | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    Hassan Rahman                                                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☑ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Money laundering conspiracy and money laundering, in violation of 18 U.S.C. Section 1956.

Date:      01/29/2020

_____
*Issuing officer's signature*

City and state:    Brooklyn, New York

Hon. James Orenstein, U.S.M.J.
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____          _____ |
| *Arresting officer's signature* |
| _____ |
| *Printed name and title* |



AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____     Weight: _____

Sex: _____     Race: _____

Hair: _____     Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

# Exhibit E

## Relevant Statutes

**Exhibit E** contains the applicable portions of statutes describing the offenses with which YASSINE and RAHMAN have been charged, the penalties that YASSINE and RAHMAN face if convicted, and the applicable statute of limitations.  Ellipses are used to indicate the omission of portions of the statutes and asterisks are used to indicate the omission of paragraphs or sub-paragraphs of the statutes because those portions and paragraphs or sub-paragraphs do not apply to the case against YASSINE and RAHMAN.

**Title 18, United States Code, Section 2.   Principals.**

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

**Title 18, United States Code, Section 982.   Criminal forfeiture.**

(a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section 1956 . . . of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

   (2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—

    (A)  Section . . . 1343 . . . of this title, affecting a financial institution . . .

* * *

shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

* * *

(b)(1) The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 . . . .

**Title 18, United States Code, Section 1956.   Laundering of monetary instruments.**

(a) . . .

\*\*\*

   (3)   Whoever, with the intent—

      (A)   to promote the carrying on of specified unlawful activity; [or]

      (B)   to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity; . . .

conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined under this title or imprisoned for not more than 20 years, or both.   For purposes of this paragraph, the term "represented" means any representation made by a law enforcement officer or by another person at the direction of, or with the approval of, a Federal official authorized to investigate or prosecute violations of this section.

\*\*\*

(h)   Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

**Title 18, United States Code, Section 3282.   Offenses not capital.**

(a) In general.—

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

\* \* \*

**Title 21, United States Code, Section 841.   Prohibited acts.**

(a) Unlawful acts.

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense a counterfeit substance.

***

**Title 21, United States Code, Section 846.    Attempt and conspiracy.**

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

**Title 21, United States Code, Section 952.   Importation of controlled substances.**

(a) . . . It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance . . .

\*\*\*

**Title 21, United States Code, Section 959.   Possession, manufacture, or distribution of controlled substances.**

(a) Manufacture or distribution for purpose of unlawful importation.

It shall be unlawful for any person to manufacture or distribute a controlled substance in schedule I or II . . . intending, knowing, or having reasonable cause to believe that such substance . . . will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States. . . .

\*\*\*

(c) Possession, manufacture, or distribution by person on board aircraft.

It shall be unlawful for any United States citizen on board any aircraft, or any person on board an aircraft owned by a United States citizen or registered in the United States, to—

　　(1) manufacture or distribute a controlled substance or listed chemical; or

　　(2) possess a controlled substance or listed chemical with intent to distribute.

(d) Acts committed outside territorial jurisdiction of United States.

This section is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States.

**Title 21, United States Code, Section 960.   Prohibited acts.**

(a) Unlawful acts.

Any person who—

>   (1)   contrary   to   section 852, 952, 953,   or 957 of   this   title,   knowingly   or
>   intentionally imports or exports a controlled substance,

>   . . .

>   (3) contrary to section 959 of this title, manufactures, possesses with intent to distribute, or
>   distributes a controlled substance,

shall be punished as provided in subsection (b).

**\*\*\***

**Title 21, United States Code, Section 963.   Attempt and conspiracy.**

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.