UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X  Docket#
UNITED STATES OF AMERICA,      : 18-cr-00137(EK)-2
                               :
                               :
     - versus -                : U.S. Courthouse
                               : Brooklyn, New York
YASSINE, ET AL.,               :
                               : March 7, 2023
             Defendants        : 2:07 p.m.
------------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR GUILTY PLEA
BEFORE THE HONORABLE CHERYL L. POLLAK
UNITED STATES CHIEF MAGISTRATE JUDGE

**A  P  P  E  A  R  A  N  C  E  S:**

**For the Government**:      **Breon S. Peace, Esq.**
                          United States Attorney

                    BY:   **Nomi D. Berenson, Esq.**
                          Assistant U.S. Attorney
                          271 Cadman Plaza East
                          Brooklyn, New York 11201

**For the Defendant**:       **Aaron J. Mysliwiec, Esq.**
                          Miedel & Mysliwiec, LLP
                          80 Broad Street, Suite 1900
                          New York, NY 10004

**Transcription Service**:   **Transcriptions Plus II, Inc.**
                          61 Beatrice Avenue
                          West Islip, New York 11795
                          RL.Transcriptions2@gmail.com

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK:  All rise.  This is the matter of

2   the *United States v. Rahman*, case number 18-cr-137,

3   Criminal Cause for Pleading.  For the record, it is March

4   7, 2023 at 2:07 p.m.

5          Counsel and parties, please state your

6   appearances for the record.

7          MS. BERENSON:  Nomi Berenson on behalf of the

8   United States.  Good afternoon, your Honor.

9          THE COURT:  Good afternoon.

10          MR. MYSLIWIEC:  Aaron Mysliwiec on behalf of

11   Mr. Rahman.  Good afternoon, your Honor.

12          THE COURT:  Good afternoon.  And we have with

13   us an Arabic interpreter?

14          THE INTERPRETER:  That's right, your Honor.  My

15   name is Mounir Khaddar, Arabic federal court interpreter.

16   Defendant might today use me on standby basis if you

17   don't mind.

18          THE COURT:  Okay.  All right.  Well, let me

19   swear you in in any event.

20          (Mounir Khaddar, interpreter, sworn)

21          THE COURT:  All right.  Everyone may be seated.

22          THE INTERPRETER:  Thank you.  Good afternoon.

23          THE COURT:  Yes.  Thank you.

24          So good afternoon, Mr. Rahman.  I take it that

25   you do understand some English.  Is that correct?

3

Proceedings

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  Okay.  If at any point during these

3    proceedings someone says something that you do not

4    understand, please feel free to let me know and I will

5    either rephrase what I'm saying or you can speak to the

6    interpreter and he will help you by translating.

7          THE DEFENDANT:  Okay.  Thank you, your Honor.

8          THE COURT:  Do you understand all of that?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Okay.  All right.

11          THE DEFENDANT:  Thank you.

12          THE COURT:  So the first issue I want to deal

13    with is your consent to have me hear your plea.  You

14    understand that this is Judge Komitee's case and he is

15    the United States District Judge who will sentence you

16    and who will make the ultimate decision as to whether or

17    not to accept your plea of guilty.

18          THE DEFENDANT:  Yes, I do.

19          THE COURT:  If you wish, you have the absolute

20    right to have Judge Komitee hear your plea.  And if you

21    choose to do that, there will be no prejudice to you.

22          On the other hand, if you wish, I will hear

23    your plea this afternoon and a transcript of these

24    proceedings will be made by from the tape recording

25    devices here in the courtroom and that transcript will be

4

Proceedings

1  given to Judge Komitee to review at the time of your

2  sentence and when he makes his decision as to whether or

3  not to accept your plea of guilty.

4          Do you wish to give up your right to have Judge

5  Komitee hear your plea and agree instead to proceed

6  before me this afternoon?

7          THE DEFENDANT:  No, I don't mind to continue

8  this proceeding now with you, your Honor.

9          THE COURT:  So you agree to have me hear your

10  plea?

11          THE DEFENDANT:  You, yeah.

12          THE COURT:  Is that what you're saying?

13          THE DEFENDANT:  Yeah.

14          THE COURT:  Okay.  That means you give up your

15  right to have Judge Komitee hear it today, right?

16          THE DEFENDANT:  Yes, I do.

17          THE COURT:  All right.  So long as we all

18  understand that.  Okay.  Do you make this decision

19  voluntarily and of your own free will?

20          THE DEFENDANT:  Yes, I do.

21          THE COURT:  Has anyone made any threats or

22  promises to get you to agree to have me hear your plea?

23          THE DEFENDANT:  No, no, your Honor.

24          THE COURT:  Okay.  This is the consent form,

25  Bou, would you show this to the defendant, please, which

5

Proceedings

1    I believe you may have seen before.  Could you take a

2    look at it and tell me, first of all, have you seen it

3    before?

4                THE DEFENDANT:  Yeah.  I already signed it.

5                THE COURT:  Okay.  And you discussed it with

6    your attorney?

7                THE DEFENDANT:  Yes, of course, your Honor.

8                THE COURT:  And that is your signature at the

9    bottom of the page?

10               THE DEFENDANT:  Yes.

11               THE COURT:  Okay.  All right.  And I'll note

12   for the record that it has been signed by counsel for the

13   defendant, by the Assistant U.S. Attorney, and I'm

14   endorsing it as well.

15                Okay.  Now Mr. Rahman, before I can hear your

16   plea, there are a number of questions that I have to ask

17   you to ensure that it is a valid plea.  Again, if you

18   don't understand any of my questions, just tell me and I

19   will rephrase them.  Okay?

20               THE DEFENDANT:  Okay.

21               THE COURT:  All right.  Would you raise your

22   right hand, please?

23   H A S S A N   R A H M A N,

24        called as a witness, having been first duly sworn,

25        was examined and testified as follows:

6

Proceedings

1          THE COURT:  You can put your hand down.  You

2   understand that having been sworn, your answers to my

3   questions will be subject to the penalties of perjury or

4   making a false statement if you don't answer them

5   truthfully?

6          THE DEFENDANT:  Yes, I do.

7          THE COURT:  Do you understand that?

8          THE DEFENDANT:  Yes, I do.

9          THE COURT:  Okay.  What is your full name?

10         THE DEFENDANT:  Hassan, the full name is Hassan

11   Abraham, but on the passport Hassan Rahman, H-A-S-S-A-N,

12   R-A-H-M-A-N.

13         THE COURT:  Okay.  Thank you.  And how old are

14   you, sir?

15         THE DEFENDANT:  39.

16         THE COURT:  39?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Okay.  What education have you had?

19         THE DEFENDANT:  I graduated from university.

20         THE COURT:  Okay.  Have you had any difficulty

21   speaking to your attorney?

22         THE DEFENDANT:  No, I don't have.

23         THE COURT:  Okay.  Counsel, have you had any

24   problems communicating with your client?

25         MR. MYSLIWIEC:  I have not, your Honor.

7

Proceedings

1          THE COURT:  All right.  Do you usually speak to

2   him in English or do you use an interpreter?

3          MR. MYSLIWIEC:  Almost always in English.

4          THE COURT:  All right.  Mr. Rahman, are you

5   presently or have you recently been under the care of

6   either a physician or a psychiatrist?

7          THE DEFENDANT:  No.

8          THE COURT:  In the last 24 hours have you taken

9   any narcotic drugs?

10          THE DEFENDANT:  No.

11          THE COURT:  Any medicine or pills of any kind

12   in the last 24 hours?

13          THE DEFENDANT:  No.

14          THE COURT:  Have you had any alcohol to drink

15   in the last 24 hours?

16          THE DEFENDANT:  No.

17          THE COURT:  Have you ever been hospitalized or

18   treated for narcotics addiction?

19          THE DEFENDANT:  No.

20          THE COURT:  Have you ever been treated for any

21   mental or emotional problems?

22          THE DEFENDANT:  No.

23          THE COURT:  As you sit here before me today is

24   your mind clear?

25          THE DEFENDANT:  Yes.

8

Proceedings

1          THE COURT:  Do you understand what we're doing

2     here today?

3          THE DEFENDANT:  Yes, I do.

4          THE COURT:  Counsel, have you discussed the

5     matter of pleading guilty with your client?

6          MR. MYSLIWIEC:  Do you want me to stand, your

7     Honor?

8          THE COURT:  No, you can sit.  It's fine.

9          MR. MYSLIWIEC:  Yes, I've spoken to him about

10    it extensively.

11         THE COURT:  Okay.  Does he understand the

12    rights that he will be waiving by pleading guilty?

13         MR. MYSLIWIEC:  He does.

14         THE COURT:  In your view, is he capable of

15    understanding the nature of these proceedings?

16         MR. MYSLIWIEC:  Yes, your Honor.  In my view he

17    is.

18         THE COURT:  Do you have any doubt as to his

19    competence to plead at this time?

20         MR. MYSLIWIEC:  I do not.

21         THE COURT:  Have you advised him of the maximum

22    sentence and the fine that can be imposed as a result of

23    his plea here?

24         MR. MYSLIWIEC:  Yes, I have.

25         THE COURT:  And have you discussed with him the

9

Proceedings

1  operation of the sentencing guidelines in this case?

2              MR. MYSLIWIEC:  I have.

3              THE COURT:  Okay.  Now Mr. Rahman, you have the

4  right to be represented by an attorney in connection with

5  these charges from this point forward.  I understand that

6  you have retained counsel, correct?

7              MR. MYSLIWIEC:  Correct, your Honor.

8              THE COURT:  But if for some reason you could

9  not afford to pay for counsel, the court would appoint an

10  attorney to represent you because you have the right to

11  be represented by an attorney in connection with these

12  charges.  Do you understand that?

13              THE DEFENDANT:  Yes, I do.

14              THE COURT:  Okay.  Do you feel that you have

15  had enough time to discuss your case with your attorney?

16              THE DEFENDANT:  Yes, I have.

17              THE COURT:  And are you satisfied to have him

18  represent you?

19              THE DEFENDANT:  Yes.

20              THE COURT:  Okay.  Have you received a cop of

21  the superseding indictment, the charges in this case?

22              THE DEFENDANT:  Yes, I did.

23              THE COURT:  Okay.  And as I understand it, you

24  seek today to plead guilty to count 1 of the indictment.

25  Is that correct, counsel?

10

Proceedings

1        MR. MYSLIWIEC:  That's correct, your Honor.

2        THE COURT:  All right.  And Mr. Rahman, you've

3   discussed Count 1 and the rest of the indictment with

4   your attorney.  Is that fair to say?

5        THE DEFENDANT:  Yes, yes.

6        THE COURT:  Okay.  All right.  So Count 1

7   charges you with in or about and between June 2017 and

8   March 2018, both dates being approximate and inclusive,

9   within the Eastern District of New York and elsewhere

10   you, together with others, did knowingly and

11   intentionally conspire to conduct one or more financial

12   transactions in and affecting interstate and foreign

13   commerce and involving a financial institution, the

14   activities of which had an effect on interstate and

15   foreign commerce.  Specifically, the transfer and

16   delivery of United States currency which transactions

17   involved property represented by a law enforcement

18   officer and a person at the direction of and with the

19   approval of a federal official authorized to investigate

20   violations of this particular section of the United

21   States Code Section 1956 and that it was represented that

22   these are the proceeds of a specified unlawful activity,

23   specifically narcotics trafficking, in violation of

24   United States law, and that property used to conduct and

25   facilitate the specified unlawful activity, drug

Proceedings

1    trafficking, with the intent to promote the carrying on

2    of that unlawful activity and to conceal and disguise the

3    nature, the location, the source, the ownership, and the

4    control of property believed to be the proceeds of that

5    unlawful activity in violation of United States law.

6           Now, that's pretty complicated so I'm going to

7    try to break it down for you a little bit.

8           First of all, do you understand what a

9    conspiracy is?

10          THE DEFENDANT:  Yes, I do.

11          THE COURT:  Okay.  In other words, a conspiracy

12   is an unlawful agreement between two or more people to

13   engage in an unlawful activity.  In this case, you are

14   charged with entering into this unlawful agreement with

15   someone else or some others knowing that it was an

16   unlawful activity that you were agreeing to engage in.

17   Do you understand that?

18          THE DEFENDANT:  Yes, I do.

19          THE COURT:  Okay.  And the charge that you are

20   facing here is that you agreed with someone to engage in

21   money laundering.  Do you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Okay.  And in order to establish

24   that what you were doing was involving money laundering,

25   the government would have to prove that you conducted or

12

Proceedings

1   attempted to conduct a financial transaction that

2   affected interstate or foreign commerce, and that the

3   transaction that you were engaged in involved property

4   that had been represented by a law enforcement officer

5   and which you believed to be true were proceeds of some

6   form of unlawful activity.  And third, that you acted

7   with the intention to promote that carrying on of that

8   unlawful activity, in this case drug trafficking, with

9   the intent to conceal or disguise the nature or the

10  location or the source, ownership, or control of the

11  money.  Do you understand that?

12          THE DEFENDANT:  Yes, I understand.

13          THE COURT:  Okay.  Now, I want to make sure

14  that you understand the rights that you will be giving up

15  if you decide to plead guilty to this charge.

16          If you were to persist in pleading not guilty,

17  under the constitution and the laws of the United States,

18  you would be entitled to a speedy and public trial by

19  jury with the assistance of counsel on the charges

20  contained in the indictment.  Do you understand that?

21          THE DEFENDANT:  Yes, I do.

22          THE COURT:  At that trial, you would be

23  presumed innocent and the government would have to

24  overcome that presumption and prove you guilty by

25  competent evidence and beyond a reasonable doubt.  You

13

Proceedings

1   would not have to prove that you were innocent.  If the

2   government were to fail, the jury would have the duty to

3   find you not guilty.  Do you understand that?

4            THE DEFENDANT:  Yes, I do.

5            THE COURT:  In the course of a trial, the

6   witnesses would have to come to court, they would have to

7   testify in your presence.  Your attorney would have the

8   right to cross examine those witnesses for the

9   government, to object to any evidence offered by the

10  government, and to subpoena witnesses and offer testimony

11  and evidence on your behalf.  Do you understand that?

12           THE DEFENDANT:  Yes, I do.

13           THE COURT:  At the trial, while you would have

14  the right to testify if you chose to do so, you could not

15  be forced to testify.  Under the Constitution of the

16  United States, a defendant in a criminal case cannot be

17  forced to take the witness stand and say anything that

18  could be used to show that he is guilty of the crime with

19  which he's been charged.  If you were to decide not to

20  testify, the Court would instruct the jury that they

21  could not hold that decision against you.  Do you

22  understand that?

23           THE DEFENDANT:  Yes, I do.

24           THE COURT:  If you plead guilty, on the other

25  hand, I'm going to have to ask you certain questions

14

Proceedings

1   about what it is that you did in order to satisfy myself

2   that you are in fact guilty of the charge to which you

3   seek to plead guilty.  You're going to have to answer my

4   questions and acknowledge your guilt.  Thus, you will be

5   giving up that right that I just described, that is the

6   right not to say anything that could be used to show that

7   you are guilty of the crime with which you've been

8   charged.  Do you understand that?

9             THE DEFENDANT:  Yes, I do.

10            THE COURT:  Okay.  If you plead guilty and I

11   recommend to Judge Komitee that he accepts your plea, you

12   will be giving up your constitutional right to a trial

13   and all of the other rights that I've just described.

14   There will be no further trial of any kind.  Judge

15   Komitee will simply enter a judgment of guilty based upon

16   your guilty plea.  Do you understand that?

17            THE DEFENDANT:  Yes, I do.

18            THE COURT:  Are you willing to give up your

19   right to a trial and the other rights that I've just

20   described?

21            THE DEFENDANT:  Yes, I do.

22            THE COURT:  Okay.  Now I understand there is a

23   plea agreement  in this case.  I'm marking it as

24   Government Exhibit 1 for purposes of these proceedings.

25            (Government's Exhibit 1 marked)

15

Proceedings

1          THE COURT:  Mr. Rahman, would you please take a

2   look at this agreement and tell me, first of all, have

3   you seen it before?

4          THE DEFENDANT:  Yes, your Honor.  Yes.

5          THE COURT:  Have you had a chance to read it?

6          THE DEFENDANT:  Yeah.  Yes.

7          THE COURT:  Okay.  And did you discuss it with

8   counsel?

9          THE DEFENDANT:  Yes, I did.

10          THE COURT:  And do you understand what it says?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Could you do me a favor and flip to

13   the last page and tell me if your signature is there?

14          THE DEFENDANT:  Yes, it is.

15          THE COURT:  Okay.  Does this agreement fully

16   and accurately reflect your understanding of the

17   agreement you have with the government?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Other than the promises in the

20   agreement, has anyone made any other promise that has

21   caused you to plead guilty here?

22          THE DEFENDANT:  No.

23          THE COURT:  Has anyone made any promise to you

24   as to what your sentence will be?

25          THE DEFENDANT:  No.

16

Proceedings

1        THE COURT:  Okay.  I want to briefly discuss

2   with you the sentencing scheme that applies here.  So the

3   statute that you are accused of violating carries a

4   minimum term of imprisonment of zero years but a maximum

5   of possibly up to 20 years in prison.  Do you understand

6   that?

7        THE DEFENDANT:  Yes, I do.

8        THE COURT:  Okay.  Now, there are in effect

9   what are called sentencing guidelines and those

10  guidelines are merely that, a guide to help the Court

11  determine where within that zero to 20-year range your

12  sentence should fall.  The guidelines are not mandatory

13  but the Court is required to consider the guidelines

14  along with all other relevant factors in determining what

15  an appropriate sentence for you should be.  Do you

16  understand that?

17       THE DEFENDANT:  Yes, I do.

18       THE COURT:  The important thing that you must

19  understand is that until the time of sentencing when

20  Judge Komitee is going to get what is called a pre-

21  sentence report which will be prepared by the probation

22  department following your plea here, and the judge has an

23  opportunity to hear from you and to hear from your

24  attorney, and to hear from the government's attorney,

25  until that time no one can promise you exactly what your

17

Proceedings

1  sentence will be; not your attorney, not the government's

2  attorney, not me, not even Judge Komitee until then.  Do

3  you understand that?

4          THE DEFENDANT:  Yes, I do.

5          THE COURT:  Nevertheless, I'm going to ask the

6  government just to put on the record what your estimate

7  of the guideline range would be based upon what we know

8  today.

9          MS. BERENSON:  Your Honor, as set forth in

10  paragraph 2 of the plea agreement to which the guidelines

11  calculation the defendant stipulates, calculating in --

12  well, starting with a base offense level of 28 and then

13  adding six levels for promotion of drug trafficking, plus

14  another four levels for being in the money laundering

15  business results in an offense level of 38.  Less three

16  levels for entry of a guilty plea by today resulted in an

17  adjusted offense level of 35 assuming that the defendant

18  falls within criminal history category I.  That

19  corresponds to an advisory guidelines range of 168 to 210

20  months.

21          THE COURT:  Okay.  And counsel, I take it that

22  the defendant has in fact stipulated to that guideline

23  calculation and has given up any right to a jury trial or

24  Fatico hearing.

25          MR. MYSLIWIEC:  That's correct, your Honor.

18

Proceedings

1          THE COURT:  Okay.  So you understand, Mr.

2   Rahman, even though you have agreed that the government's

3   guidelines calculation is accurate, it may be that the

4   probation department or the Court determines that a

5   different guideline range should apply.  If that happens,

6   you understand that you will not be allowed to withdraw

7   your guilty plea?  Do you understand that you've agreed

8   to that --

9          THE DEFENDANT:  Yes, I do.

10          THE COURT:  -- in the plea agreement?

11          THE DEFENDANT:  Yes, I do.

12          THE COURT:  Okay.  All right.  You also

13   understand that as a result of your plea, you face

14   possible removal or deportation back to your home

15   country.  Do you understand that?

16          THE DEFENDANT:  Yes, I do.

17          THE COURT:  Okay.  Is that mandatory removal?

18          MS. BERENSON:  Yes, your Honor.

19          THE COURT:  Okay.  So it's not just possible,

20   you will be deported once you've completed any sentence

21   of imprisonment that you are directed to serve.  You

22   understand that?

23          THE DEFENDANT:  Yes, I do.

24          THE COURT:  If for some reason you are not

25   immediately deported once you complete any sentence of

19

Proceedings

1   imprisonment, you will be placed on supervised release

2   for as long as you remain in this country.  Do you know

3   what supervised release is?

4              THE DEFENDANT:  Yes, I do.

5              THE COURT:  Okay.  Basically, it's like

6   probation.  You'll be released from jail but there'll be

7   certain restrictions placed upon your freedom.  For

8   example, reporting to a probation officer on a periodic

9   basis is a common restriction.  You understand that?

10             THE DEFENDANT:  Yes, I do.

11             THE COURT:  The important thing here is that as

12  a result of your plea, you face a maximum term of

13  supervised release of three years.  And if you violate

14  any of the conditions of supervised release, you can be

15  sentenced up to two years in prison without getting any

16  credit for the time that you previously served in prison

17  and without getting any credit for the time that you

18  served successfully on supervised release up until the

19  date that you committed the violation.  Do you understand

20  that?

21             THE DEFENDANT:  Yes, I do.

22             THE COURT:  Okay.  You also face a potential

23  fine.  The maximum fine that can be imposed is the

24  greater of 500,000 or twice the gross gain or twice the

25  gross loss.  Ms. Berenson, do you have some estimate of

20

Proceedings

1   what the gross gain or loss might be in this case?

2           MS. BERENSON:  I do not, your Honor.

3           THE COURT:  Okay.  So at this point we don't

4   know if it's going to be 500,000 or something else,

5   correct?

6           MS. BERENSON:  Yes.

7           THE COURT:  Okay.  You understand that?

8           THE DEFENDANT:  Yes, I do.

9           THE COURT:  Okay.  And you must pay a $100.00

10  special assessment.  Do you understand that as well?

11          THE DEFENDANT:  Yes, I do.

12          THE COURT:  And there's no restitution in this

13  case, correct?

14          MS. BERENSON:  Correct.

15          THE COURT:  Okay.  Now, in the plea agreement

16  you have also agreed to forfeit $20,000 in connection

17  with your plea here.  This amount is to be paid in full

18  30 days in advance of your sentencing date.  Do you

19  understand that you've agreed to that?

20          THE DEFENDANT:  Yes, I do.

21          THE COURT:  Okay.  You also understand that you

22  have agreed to assist the government in effectuating the

23  payment of that money judgment, forfeiture money

24  judgment, by executing whatever documents they ask you to

25  sign and also by not assisting anyone else to try to

21

Proceedings

1   obtain that $20,000.  Do you understand that?

2           THE DEFENDANT:  Yes, I do.

3           THE COURT:  Okay.  You also have agreed to

4   disclose your assets to the government on a financial

5   statement which must be submitted 60 days or earlier

6   before sentencing.  Do you understand that?

7           THE DEFENDANT:  Yes, I do now.

8           THE COURT:  Okay.  And you've given up any

9   right that you might have to notice concerning the

10  forfeiture of these monies and any right that you might

11  have to a jury trial.  Do you understand that?

12          THE DEFENDANT:  Yes, I do.

13          THE COURT:  Okay.  Now you can appeal your

14  conviction if you believe that your guilty plea here was

15  somehow unlawful, or involuntary, or there was some other

16  fundamental defect in these proceedings that was not

17  waived by your plea.  You also have a statutory right to

18  appeal your sentence under certain circumstances if you

19  believe that your sentence is contrary to law.  However,

20  in the plea agreement, you've agreed that you will not

21  file an appeal or otherwise challenge your conviction or

22  your sentence so long as the Court imposes a term of

23  imprisonment of 235 months or less.  Do you understand

24  that you've agreed to that?

25          THE DEFENDANT:  Yes, I do, your Honor.

22

Proceedings

1          THE COURT:  Okay.  Anything else in the plea
2   agreement that I need to review with the defendant?
3          MS. BERENSON:  No, your Honor.
4          THE COURT:  Counsel?
5          MR. MYSLIWIEC:  No, your Honor.
6          THE COURT:  All right.  Mr. Rahman, do you have
7   any questions that you would like to ask me about the
8   charge, or your rights, or the plea agreement, or
9   anything else before we proceed?
10          THE DEFENDANT:  No, your Honor.  Everything's
11   good.
12          THE COURT:  Are you ready to plead at this
13   time?
14          THE DEFENDANT:  Yes.
15          THE COURT:  Counsel, do you know of any reason
16   why the defendant should not plead guilty?
17          MR. MYSLIWIEC:  I do not.
18          THE COURT:  Are you aware of any viable legal
19   defense to the charge?
20          MR. MYSLIWIEC:  No.
21          THE COURT:  Hassan Rahman, what is your plea to
22   Count 1 of indictment 18-cr-137-S1; guilty or not guilty?
23          THE DEFENDANT:  Guilty.
24          THE COURT:  Are you making this plea of guilty
25   voluntarily and of your own free will?

23

Proceedings

1            THE DEFENDANT:  Yes, I do.

2            THE COURT:  Has anyone threatened or forced you

3    to plead guilty?

4            THE DEFENDANT:  No, your Honor.

5            THE COURT:  Has anyone made any promise to you

6    as to what your sentence will be?

7            THE DEFENDANT:  No, your Honor.

8            THE COURT:  All right.  I read the charge to

9    you a few minutes ago.  I want you to tell me in your own

10   words what it is that you did between June 2017 and March

11   2018 in connection with this agreement to launder funds.

12           THE DEFENDANT:  Your Honor, if you don't mind,

13   I prepared something to read.

14           THE COURT:  Okay.  Go ahead.

15           THE DEFENDANT:  Okay.  Thank you.

16           Between June 2017 and March 2018 I was an

17   employee of Mohamad Yassine's money transfer business.

18   While working with Mohamad Yassine, I agreed to assist

19   with him organizing financial transactions that involved

20   using United States financial institutions to transfer

21   money including sending money, including sending United

22   States currency to Brooklyn, United States.

23           I knew that some of the money that was

24   transferred was money that was represented to be from

25   drug trafficking done by other people.  When we work

24

Proceedings

1   together to transfer these funds we thought they were

2   profits from illegal activity and that we were

3   intentionally concealing this fact.

4            THE COURT:  Okay.

5            THE DEFENDANT:  Thanks, your Honor.

6            THE COURT:  And when you say that you

7   transferred these funds to Brooklyn, where were they

8   being transferred from?

9            THE DEFENDANT:  There's several places.  From

10  Turkey.  And we assume the original money in Australia.

11           THE COURT:  Okay.

12           THE DEFENDANT:  Yeah.  But Turkish transfer, to

13  Turkish banks we transfer the money.

14           THE COURT:  Okay.  So they were transferring

15  money to you in Brooklyn?  Were you in Brooklyn?  Is that

16  where the --

17           MR. MYSLIWIEC:  The other way.  He was

18  transferring the money to Brooklyn.

19           THE DEFENDANT:  Yeah.

20           THE COURT:  But where was he located?

21           MR. MYSLIWIEC:  He was located overseas.

22           THE COURT:  I see.  Okay, okay.  All right.

23           MR. MYSLIWIEC:  In Lebanon.

24           THE COURT:  You were in Lebanon transferring

25  funds from Turkey and Australia to the United States.

25

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  Correct?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Okay.  And you knew these were the

5   proceeds of some illegal activity?

6          THE DEFENDANT:  Yes.  Yes, I know.

7          THE COURT:  Okay.  And what would the

8   government's proof be with respect to the effect on

9   interstate or foreign commerce?  I think I know but --

10         MS. BERENSON:  The use of the financial

11  institutions, your Honor.

12         THE COURT:  Okay.  And it was overseas

13  transactions.

14         MS. BERENSON:  Yes.

15         THE COURT:  Okay.  Is there anything else I

16  should inquire of the defendant?

17         MS. BERENSON:  No, your Honor.

18         THE COURT:  All right.  Counsel, anything else?

19         MR. MYSLIWIEC:  No, your Honor.

20         THE COURT:  Based on the information given to

21  me, I find that the defendant is acting voluntarily,

22  fully understands his rights and the consequences of his

23  plea, and that there is a factual basis for the plea.  I

24  will therefore recommend to Judge Komitee that he accept

25  your plea of guilty to Count 1 of the indictment.

26

Proceedings

1        What happens now is you're going to meet with

2   someone from the probation department to prepare the pre-

3   sentence report that we talked about a little bit

4   earlier.  I urge you to cooperate with them obviously

5   with your attorney's advice.  And we currently have a

6   date set for sentencing of June 16th at 10 a.m.  If for

7   some reason, counsel, that doesn't work for you, please

8   get in touch with Judge Komitee's case manager to find

9   another date.  Okay?

10             MR. MYSLIWIEC:  Yes, your Honor.  Thank you.

11             THE COURT:  All right.  Anything else today?

12             MS. BERENSON:  Nothing from the government.

13             THE COURT:  All right.  Counsel, anything else?

14             MR. MYSLIWIEC:  No, your Honor.  Thank you.

15             THE COURT:  All right.  Thank you, everyone.

16             MS. BERENSON:  Thank you.

17             THE COURT:  Have a nice afternoon.

18                  (Matter concluded)

19                       -oOo-

20

21

22

23

24

25

27

## C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **21st** day of **April**, 2023.

*Mary Greco*
Transcriptions Plus II, Inc.